NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| AMGAD MELEIKA, Plaintiff, v. STATE OF NEW JERSEY, *et. al.*, Defendants. | Civil Action No.: 17-5678 (CCC) OPINION |
|---|---|

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court upon the motion of Defendants City of Bayonne and Bayonne Police Department (collectively "Bayonne") to dismiss the Complaint (ECF No. 1 ("Compl.")) of pro se Plaintiff Amgad Meleika ("Plaintiff"). Plaintiff's Complaint brings state and federal claims against Bayonne for alleged violations of Plaintiff's civil and constitutional rights. Bayonne now moves to dismiss the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (ECF No. 9). Plaintiff opposes Bayonne's motion, (ECF No. 17), and Bayonne has replied to Plaintiff's opposition. (ECF No. 20).

Pursuant to Federal Rule of Civil Procedure 78(b), the Court decides the motion without oral argument. Having considered the parties' submissions, the Court will grant Bayonne's motion and dismiss the Complaint.

## II. BACKGROUND

Plaintiff, who is proceeding pro se, completed a standard fill-in pro se civil rights complaint. Plaintiff's underlying factual allegations are reproduced below as written:

> I was arrested, charged, and went to court every month for two years on a 3rd degree hindering charge to fight for my innocence from possibly going to prison for 5 years if found guilty violating my 14th Amendment right to be free. The Charges were dismissed entirely.

(Compl. at 4). Plaintiff further states that as a result of his prosecution he suffered emotional stress and depravations of his civil rights. (*Id.*). Additionally, writing in the blank space reserved on his complaint form for "relief", Plaintiff wrote that he suffered "[f]alse arrest/wrongful arrest, [m]alic[ious] prosecution, [f]alse imprisonment—1 day, 4th Amendment to be free from search [and] seizure, 14th Amendment—to be free/[l]iberty, [c]ivil right violations[.]" (*Id.* at 5). Plaintiff demands one million dollars in damages. (*Id.*).

In addition, Plaintiff has attached to his Complaint a copy of a criminal complaint against him indicating that he was arrested on May 1, 2015 and charged with state offences. (ECF No. 1-1 at 1). The substance of the criminal complaint is that Plaintiff purposefully interfered with the state prosecution of another person, Steven Meleika, by driving him to the airport to board a flight out of state and by concealing a firearm used to commit a crime. (*Id.*). Plaintiff further attached a court document showing that the Superior Court of New Jersey, acting on the joint motion of Plaintiff and the State, dismissed the charges against Plaintiff on December 16, 2016. (*Id.* at 2).

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions . . . will not do.' *Id.* Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

### B. Liberal Pleading Standard for Pro Se Litigants

Pleadings drafted by pro se litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *David v. Camden Cty. Corr. Facility*, No. 16-7628, 2018 WL 1522709, at *2 (D.N.J. Mar. 27, 2018) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). In particular, the need for liberal construction does not "require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Sheldrick v. Wells Fargo Bank, N.A.*, No. 16-2797, 2016 U.S. Dist. LEXIS 174143, at *12 (D.N.J. Dec. 16, 2016) (quoting *Mala*, 704 F.3d at 245). "That is, '[e]ven a pro se complaint may be dismissed for failure to state a claim

if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief.'" *Id.* (alteration in original) (citations omitted).

IV. **DISCUSSION**

The Court construes Plaintiff's Complaint as asserting claims pursuant to 42 U.S.C. § 1983 ("§ 1983") for violations of his Fourth Amendment and Fourteenth Amendment rights in connection with his previous arrest and prosecution. The Court also construes the complaint as alleging New Jersey tort claims for malicious prosecution and false arrest or imprisonment.[1]

Bayonne argues that the Complaint should be dismissed because it fails to state a sufficient claim for municipal liability and because the Bayonne Police Department is not a "person" subject to suit under § 1983. (ECF No. 9-3 at 4-6). Bayonne further argues that Plaintiff's state law claims are barred because Plaintiff has failed to comply with the New Jersey Tort Claims Act. (*Id.* at 7-9).

A. **Plaintiff's Complaint Fails to State a § 1983 Claim against Bayonne**

§ 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978). Municipalities may, however, incur liability vis-à-vis their employees or agents "where the alleged

---

[1] The Court notes that New Jersey law treats false arrest and false imprisonment as the same tort. *See Lopez v. City of Plainfield*, No. 12-497, 2017 WL 370781, at *17 (D.N.J. Jan. 25, 2017).

4

unconstitutional actions are connected to official policy." *Black v. Township of South Orange*, No. 11-709, 2014 WL 4755506, at *3 (D.N.J. Sept. 23, 2014). The Third Circuit has clarified that:

> [a] government policy or custom can be established in two ways. Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanently and well-settled' as to virtually constitute law.

*Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted).

At a minimum, a party bringing a § 1983 claim against a municipality "must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). This requirement serves to "distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make[s] clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). In addition, plaintiffs must prove a causal link between an official policy, practice, or custom and the constitutional violation. *See Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). "To establish the necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the municipality's custom and the specific deprivation of constitutional rights at issue." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citations omitted).

Plaintiff's allegations, in their current state, are insufficient to plead a claim for municipal liability under the above framework. Plaintiff does not allege that the depravations he claims to have suffered were the result of a policy or practice. Plaintiff also fails to identify in his Complaint any official with final policy making authority as to his arrest and prosecution (or indeed any government official). Moreover, the single instance of Plaintiff's arrest and prosecution, without more, is not sufficient to establish a well settled custom or practice that could be a basis for

municipal liability. *See Green v. City of Paterson*, 971 F. Supp. 891, 913 (D.N.J. 1997). ("A single incident of unconstitutional behavior by a police officer, without any direct involvement by a municipal policy maker, is not sufficient to impose municipal liability."). Thus, Plaintiff has not pled a cause of action for violation of his constitutional rights pursuant to § 1983 sufficient to impose liability upon Bayonne. Accordingly, the Court will dismiss Plaintiff's § 1983 claims against Bayonne without prejudice.[2]

### B. *Sua Sponte* Dismissal of § 1983 Claims against Non-moving Defendant New Jersey

Plaintiff's § 1983 claims against the State of New Jersey cannot be maintained because states are not "persons" subject to suit under § 1983. Although New Jersey has not moved to dismiss the claims against it, the Court may dismiss claims of its own initiative where the complaint affords a sufficient basis for dismissal. *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980).

It is well established that states and state agencies cannot be sued under § 1983 because they are not "persons" within the meaning of that statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Dalton v. New Jersey*, No. 17-4094, 2018 WL 305326, at *5 n.5 (D.N.J. Jan. 5, 2018) ("[T]here can be no real dispute that [New Jersey] is not a 'person' subject to suit under § 1983, and therefore, Plaintiff's § 1983 claims against the state are . . . dismissed."); *Santiago v. New Jersey*, No. 17-1715, 2017 WL 3025556, at *2 (D.N.J. July 14,

---

[2]Even if Plaintiff's claims were sufficient to establish municipal liability against the City of Bayonne, the Court would still dismiss § 1983 claims against the Bayonne Police Department. "In [§] 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)).

2017) ("A state and its departments are not considered 'persons' amenable to suit under [§] 1983."); *Smith v. New Jersey*, 908 F. Supp. 2d 560, 563 (D.N.J. 2012) ("*Will* has . . . been held to establish[ ] that the State and arms of the State [ ] are not subject to suit under § 1983 . . . .") (citations omitted). Thus, Plaintiff's § 1983 claims against New Jersey cannot succeed, and the Court will dismiss such claims without prejudice.

### C. Plaintiff's Remaining State Law Claims

In addition to the federal claims discussed above, Plaintiff's Complaint also appears to raise state tort claims. *See* (Compl. at 5). For the reasons detailed above, the Court will dismiss all of Plaintiff's federal claims. The Court declines to extend supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, the Court will dismiss the Complaint in its entirety.

### V. CONCLUSION

For the foregoing reasons, Bayonne's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted and the Complaint is dismissed without prejudice. In particular, the Court dismisses Plaintiff's state law claims without prejudice as to Plaintiff's ability to seek further relief before the state courts. An appropriate Order accompanies this Opinion.

CLAIRE C. CECCHI, U.S.D.J.

Date: June 28, 2019